■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROBBINS, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, imposed March 12, 1973, upon his conviction of robbery in the second degree, on his plea of guilty, the sentence being an indeterminate prison term not to exceed seven years. Sentence reversed, on the law, and case remitted to the Criminal Term for resentencing. The sentencing court did not grant defendant an opportunity to be heard before sentencing as required by CPL 380.50. We must remit the case so that defendant may be resentenced after the sentencing court complies with this section (cf. *People v McClain*, 35 NY2d 483). In addition, we find no basis in the record for refusing to commit defendant to the Drug Abuse Control Commission (DACC) or to accord him youthful offender treatment. If the court, upon resentence, should determine that youthful offender treatment or a DACC commitment is inappropriate, it shall set forth the reasons therefor on the record. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.